1
2
3
4
5
6       **UNITED STATES DISTRICT COURT**
7       **DISTRICT OF NEVADA**
8
9  ROBERT ROYCE BYFORD,            )
                                    )
10          Petitioner,             )       3:11-cv-00112-ECR-WGC
                                    )
11  vs.                             )
                                    )       **ORDER**
12  RENEE BAKER,[1] *et al.*,       )
                                    )
13          Respondents.            )
                                    )
14  _____/

15          On December 2, 2011, with his amended petition due on December 15, 2011, petitioner

16  Byford filed a motion for an order from this court compelling the respondent to provide a viable

17  venue for a neuropsychological evaluation of the petitioner.  Docket #11.  According to Byford, such

18  an evaluation is necessary so that he can adequately plead an ineffective assistance of counsel claim

19  based on counsel's alleged failure to investigate and present evidence of organic brain damage.  *Id*.

20  Byford also notes that the statute of limitations for such a claim is January 3, 2012.  *Id*.

21          While the motion to compel remained pending, Byford sought and obtained an extension of

22  time, until December 30, 2011, within which to file his amended petition.  Docket #14.  On

23  December 22, 2011, Byford filed a withdrawal of his motion to compel[2] and a request for an order

24  _____

25          [1]  Renee Baker is substituted for her predecessor, E.K. McDaniel, as Warden of Ely State Prison.
Fed. R. Civ. P. 25(d).

26          [2]  Byford represents to the court that the necessary arrangements have been made to conduct the
neuropsychological evaluation, thereby rendering unnecessary this court's intervention.

1   that either prospectively tolls the statute of limitations period from January 3, 2012, to March 1,

2   2012, or permits him to amend his petition once he has obtained the results of the evaluation.

3   Docket #15.

4       On December 30, 2011, Byford filed a motion for a 4-day extension of time within which to

5   file his amended petition.  Docket #16.  On January 3, 2012, Byford filed his amended petition,

6   which contains a claim (Claim Five) that his trial counsel was ineffective in failing to ascertain

7   whether, and to what extent, Byford is impaired by brain damage.  Docket #17.  Thus, the only issue

8   remaining before the court is whether to grant Byford leave to file another amendment to the petition

9   in order to incorporate any allegations that might be generated by his forthcoming

10   neuropsychological evaluation.

11       The Federal Rule of Civil Procedure governing amendments to a pleading (Rule 15(a))

12   "applies to habeas corpus actions with the same force that it applies to garden-variety civil cases."

13   *James v. R.A. Giles*, 221 F.3d 1074, 1078 (9th Cir. 2000).  In the absence of bad faith, undue delay,

14   prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) should be

15   granted with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

16   1987) (citations omitted).  In this district, however, a party seeking leave to amend must disclose the

17   contents of the proposed amendment so that the court may ascertain whether leave to amend is

18   warranted.  *See* LR 15-1, Local Rules of Practice, District of Nevada (requiring the moving party to

19   attach the proposed amended pleading to any motion to amend).

20       Petitioner has not filed a copy of his proposed amended petition as required by Local Rule

21   15-1.  The court recognizes that the neouropsychological evaluation that petitioner anticipates as the

22   source of additional allegations has yet to take place.  Even so, the court prefers to review the

23   proposed amended petition before deciding whether grant leave to amend.  *See Caswell v. Calderon*,

24   363 F.3d 832, 837-39 (9th Cir. 2004) (conducting a two-part futility analysis on a motion to amend a

25   habeas petition, reviewing both exhaustion of state court remedies and the merits of the proposed

26   claim).  The request for leave to amend will therefore be denied without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's request for prospective equitable tolling or leave to amend (docket #15) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion to compel (docket #11) is DENIED as moot.

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time within which file an amended petition (docket #16) is GRANTED *nunc pro tunc* as of December 30, 2011.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall substitute Renee Baker for E.K. McDaniel, on the docket, as the respondent warden in this action, and shall update the caption of the action to reflect this change.

DATED:   January 5, 2012.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE