UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT ROYCE BYFORD,

    Petitioner,

  v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:11-cv-00112-JCM-WGC

**ORDER DENYING MOTION TO VACATE STAY AND REOPEN HABEAS CORPUS PROCEEDING (ECF NO. 81)**

In this capital habeas corpus action, on February 1, 2013, the Court granted a motion filed by the petitioner, Robert Royce Byford, requesting that the action be stayed pending his further state-court litigation. *See* Order entered February 1, 2013 (ECF No. 53). Then, on March 13, 2017, the Court granted Byford's motion to temporarily lift the stay to allow him to add to his petition in this action a new claim, one based on *Hurst v. Florida*, 136 S.Ct. 616 (2016). *See* Order entered March 13, 2017 (ECF No. 73). In all other respects the stay remained in place following the March 13, 2017, order. *See id.*

On August 13, 2019, Byford filed a motion to lift the stay (ECF No. 81). In that motion, Byford states:

> Mr. Byford recognizes that his state court proceedings are not formally completed, as his appeal from the state district court's denial of his successive petition remains pending in the Nevada Supreme Court. *See* ECF No. 79 (6-14-19 Status Report). However, given that the denial of that appeal appears to be a foregone conclusion in light of the Nevada Supreme Court's decision addressing the Hurst issue in *Castillo v. State*, 442 P.3d 558 (Nev. 2019), and the likelihood that Mr. Byford's claims presented in his successive state court petition will be exhausted by the time this Court issues any ruling addressing his claims procedurally or on their merits, Mr. Byford desires to lift the current stay and pursue this Court's federal habeas review of the merits of his constitutional claims.

Motion to Vacate Stay and Reopen Habeas Corpus Proceeding (ECF No. 81), p. 3. Respondents filed an opposition to the motion to lift the stay (ECF No. 82), arguing that lifting the stay now would be premature and would defeat the

1

purpose of the stay, in that this case would then proceed with an unexhausted claim in Byford's petition. Response to Motion to Vacate Stay and Reopen Habeas Corpus Proceeding (ECF No. 82), p. 1. Respondents argue, further, that proceeding with this case before the state court rules on the *Hurst* claim would be unfair to Respondents "because the nature of the state court decision will undoubtedly affect how Respondents litigate Byford's *Hurst* claim." *Id*. at 1. Byford replied on September 4, 2019 (ECF No. 83).

Byford's request to lift the stay of this action is premature. The Court will not lift the stay based upon Byford's prediction how the state court will rule on his *Hurst* claim. And, the Court will not, under the circumstances in this case, require the Respondents to proceed upon a petition including an unexhausted claim. The point of the stay was for Byford to fully exhaust all his claims in state court before proceeding in this federal habeas action. *See* Order entered February 1, 2013 (ECF No. 53) ("Byford must exhaust all of his unexhausted claims in state court during the stay imposed pursuant to this order."). In the interests of fairness and judicial economy, the Court will deny Byford's motion, and the stay of this action will remain in effect until the state-court proceeding is completed.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate Stay and Reopen Habeas Corpus Proceeding (ECF No. 81) is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court shall substitute William Gittere for Timothy Filson, on the docket for this case, as the respondent warden.

DATED September 10, 2019.

_____
JAMES C. MAHAN,
UNITED STATES DISTRICT JUDGE