UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT ROYCE BYFORD,

    Petitioner,

    v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:11-cv-00112-JCM-WGC

**ORDER GRANTING RENEWED MOTION TO VACATE STAY AND REOPEN HABEAS CORPUS PROCEEDING (ECF NO. 85)**

In this capital habeas corpus action, on February 1, 2013, the Court granted a motion filed by the petitioner, Robert Royce Byford, requesting that the action be stayed pending his further state-court litigation. *See* Order entered February 1, 2013 (ECF No. 53). On March 13, 2017, the Court granted Byford's motion to temporarily lift the stay to allow him to add to his petition in this action a new claim, one based on *Hurst v. Florida*, 136 S.Ct. 616 (2016). *See* Order entered March 13, 2017 (ECF No. 73). In all other respects the stay remained in place following the March 13, 2017, order. *See id.* On August 13, 2019, Byford filed a motion to lift the stay (ECF No. 81), but the Court determined that, at that time, the state-court proceeding had not been completed, and the Court denied that motion. *See* Order entered September 10, 2019 (ECF No. 84).

On October 9, 2019, Byford filed a renewed motion to lift the stay (ECF No. 85), stating that his state-court proceedings have now been concluded. On October 22, 2019, the respondents filed a response to that motion (ECF No. 87) stating that they do not oppose the motion. The Court will grant Byford's motion to lift the stay and will set a schedule for further proceedings in this action.

///

///

1

**IT IS THEREFORE ORDERED** that Petitioner's Renewed Motion to Vacate Stay and Reopen Habeas Corpus Proceeding (ECF No. 85) is **GRANTED**. The stay of this action is lifted.

**IT IS FURTHER ORDERED** that the following schedule will govern the further proceedings in this action:

1. Amended Petition. Petitioner will have 60 days from the date of this order to file a third amended petition for writ of habeas corpus. The third amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the third amended petition must state how, when, and where that occurred.

2. Response to Petition. Respondents will have 90 days following the filing of the third amended petition to file an answer or other response to the third amended petition.

3. Reply and Response to Reply. Petitioner will have 45 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

4. Briefing of Motion to Dismiss. If Respondents file a motion to dismiss, Petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

5. Discovery. If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter,

Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

6. Evidentiary Hearing. If Petitioner wishes to request an evidentiary hearing, Petitioner must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED October 24, 2019.

_____
JAMES C. MAHAN,
UNITED STATES DISTRICT JUDGE